**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**SEMISILICON TECHNOLOGY CORP.,**

*Plaintiff,*

v.

**HUZHOU XINJU ELECTRONIC COMMERCE CO. LTD.,**

*Defendant.*

**Civil Action No. 4:26-cv-979**

**Original Complaint**

Plaintiff Semisilicon Technology Corp. ("Plaintiff" or "Semisilicon") hereby brings this patent infringement action against Huzhou Xinju Electronic Commerce Co. Ltd. a/k/a huzhouxinjudianzishangwuyouxiangongsi ("Defendant") for infringement of U.S. Patent No. 8,884,546 ("'546 Patent" or "Patent-in-suit") and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat foreign patent infringers who trade upon Plaintiff's intellectual property rights in the invention and associated business reputation and goodwill by selling and/or offering for sale unlicensed products, namely the LED Backlight products shown in Exhibit 1 and reproduced below ("Infringing Products").




2. Defendant operates at least an Amazon.com storefront named Ailofy US f/k/a XINJU Direct US ("Defendant Amazon Store") selling Infringing Products to unbeknownst consumers.

3. Plaintiff filed patent infringement claims against Defendant with Amazon through the Amazon Patent Evaluation Express (APEX) procedure concerning ASIN Nos. B0F9F3F4NP and B0BM8M9HYJ. Plaintiff's complaints with Amazon were successful in removing Defendant's infringing products.

4. Plaintiff is forced to file this action to combat Defendant's continued infringement of Plaintiff's patent rights, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. Plaintiff has been and continues to be irreparably damaged because of Defendant's actions from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented invention and seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

5. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

6. This Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Texas, through at least the fully interactive, commercial Defendant Amazon Store. Specifically, Defendant is reaching out to do business with Texas residents by operating Defendant Amazon Store through which Texas residents can purchase Infringing Products. Defendant has targeted sales from Texas residents by operating online stores that offer shipping to the United States, including Texas, accept payment in dollars and, on information and belief, has sold Infringing Products to residents of Texas. Defendant is committing tortious acts in Texas, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Texas.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant is a business entity in China.

## THE PARTIES

8. Plaintiff is a Taiwan corporation with a permanent business office at New Taipei, Taiwan.

9. Upon information and belief, Defendant is a limited company organized under the laws of China and runs the Amazon storefront targeting U.S. consumers. Defendant lists its address as Room. 2030, Bldg. 14, North Zhejiang Business Plaza, No. 88 Xingfu Road, Longshan Street, Huzhou, Zhejiang Province, China on Amazon.com. Defendant conducts business throughout the United States, including within the State of Texas and this Judicial District, through the Defendant Amazon Store.

## BACKGROUND

10. Plaintiff is the owner United States Patent No. 8,884,546, attached hereto as Exhibit 2.

11. The ’546 Patent was filed on September 14, 2011, and duly issued on November 11, 2014.

12. The ’546 Patent claims priority to a foreign patent application filed October 21, 2010.

13. The ’546 Patent claims a driving apparatus for light-emitting diode curtain lamp.

14. Plaintiff was established in 1995. It mainly focuses on IC planning, design, production, and sale. Plaintiff’s main products include EL driver IC, LED control IC and LCD driver IC etc. All these products can be used generally on computer peripheral and consumer

products. Plaintiff holds the spirit of active work on researching and developing new technologies. It has developed and designed many novel products and obtained patent protections thereof.

15. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Patent, and continue to do so via the Defendant Amazon Store.

16. The Defendant Amazon Store offers shipping to the United States, including Texas, and, on information and belief, Defendant has sold Infringing Products into the United States, including Texas.

17. Defendant's infringement of the '546 Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

18. Defendant's infringement of the '546 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Texas, is irreparably harming Plaintiff.

**COUNT I: PATENT INFRINGEMENT**
**(35 U.S.C. § 271)**

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendant offers for sale, sells, and/or imports into the United States for subsequent resale or use Infringing Products that infringe at least claim 4 of the '546 Patent. An exemplary claim chart against Infringing Products is attached hereto as Exhibit 3.

21. Defendant has infringed the '546 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making,

using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

22. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting on in active concert therewith from infringing the ’546 Patent, Plaintiff will continue to be irreparably harmed.

23. Plaintiff is entitled to recover damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1) That Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ’546 Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the ’546 Patent; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Those in privity with Defendant and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, iOffer, eBay, AliExpress,

Alibaba, TEMU, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, search engines such as Google, Bing and Yahoo (collectively, "Third Party Providers") shall:

a. disable and cease providing services being used by Defendant, currently or in the future, to engage in the sale of goods that infringe the '546 Patent;

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of infringing goods using the '546 Patent; and

c. take all steps necessary to prevent links to the Defendant Amazon Store from displaying in search results, including, but not limited to, removing links to the Defendant Amazon Store from any search index;

3) That Plaintiff be awarded such damages as it shall prove at trial against Defendant that are adequate to compensate Plaintiff for infringement of the '546 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court;

4) An increase of damages up to three times the amount found or assessed, , pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Any and all other relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Semisilicon hereby demands a trial by jury on all issues triable to a jury.

DATED: July 31, 2026

Respectfully submitted,

By: */s/ Timothy T. Wang*

Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Jonathan Michael
Texas Bar No. 24134769
jmichael@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Counsel for Plaintiff*